IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09 CR 846 |
| | ) | |
| JOHN A. FORD, | ) | Hon. Robert W. Gettleman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO BAR TESTIMONY OF DNA STATISTICS**

NOW COMES defendant, JOHN A. FORD, by and through his attorney, MICHAEL J. PETRO, and moves this Honorable Court to bar testimony relating to the statistical probability of consistent DNA profiles or in the alternative, to grant a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). In support of this motion, JOHN FORD states as follows:

  1.  **BRIEF STATEMENT OF FACTS**

On September 18, 2010, the government provided FORD with a brief summary of expert testimony. In short, the government intends to elicit expert testimony from Illinois State Police Forensic Scientist Blake D. Aper regarding the statistical probability of DNA from evidence matching DNA from FORD. Specifically, the government intends Mr. Aper to testify that "1 in 81 million Black, 1 in 29 trillion White, or 1 in 9.5 trillion Hispanic unrelated individuals cannot be excluded as having contributed the DNA profile at the DS31358, vWA, FGA, D8S1179, S21S11, D5S818, D13S317, D15S539, THo1 and TPOX locations."

In sum, Mr. Aper does not possess the knowledge, skill, experience, training, or education to provide an expert opinion on the subject statistical probabilities as required

1

by FRE 104(a) and 702. Furthermore, even if qualified as an expert, the above conclusion testimony regarding DNA statistical probability is not based on reliable principles and methods as required by FRE 702 and 703.

### 2. THE LAW

Federal Rule of Evidence 702 provides for the admission of expert testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702 incorporates *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to the many cases applying *Daubert*, including *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999).

In addition, the court must consider whether the testimony has been subjected to the scientific method, whether the method underlying the testimony is scientifically valid, and whether the testimony will assist the trier of fact in understanding the evidence at issue. *United States v. Hall*, 165 F.3d 1095 (7th Cir. 1999).

The following factors should be considered when evaluating the reliability of the underlying scientific methodology: (1) the theory can be and has been tested, (2) whether the theory has been subjected to peer review and publication, (3) the known or potential rate of error and (4) the general acceptance of the theory in the scientific community. *Bradley v. Brown*, 42 F.3d 434, 437 (7th Cir. 2000).

Finally, the burden of proving the admissibility of the expert testimony rests with the proponent of the expert testimony. *Daubert v. Merrell Dow Pharamceuticals, Inc.*, 509 U.S. 579, 592 n. 10 (1993).

3.  ARGUMENT

In this case, the government has provided no information regarding the underlying methodology of the proposed statistical testimony. There is no indication from reviewing Mr. Aper's Curriculum Vitae that he is qualified as an expert in statistics or population genetics. Further, there is no indication as to how Mr. Aper reached the astronomical statistical sums that proffered.

The government has not tendered any notes or documents containing calculations or formulas used to arrive at these statitistics. FRE 702 requires not only an opinion but the underlying methodology that was used to calculate these statistics which is not included in the proffered testimony of this witness. As a result, FORD is unable to determine if Mr. Aper's testimony is based on sufficient facts or data and the testimony should be barred.

4.  CONCLUSION

WHEREFORE, the defendant, JOHN A. FORD, this Honorable Court to bar testimony relating to the statistical probability of consistent DNA profiles or in the alternative, to grant a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993).


Respectfully submitted

/s Michael J. Petro
Michael J. Petro
Attorney for JOHN A. FORD
53 West Jackson Boulevard, Suite 324
Chicago, Illinois 60604
312-913-1111

## CERTIFICATE OF SERVICE

I, Michael J. Petro, an attorney, state that I caused to be filed, by electronic filing (ECF), with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing:

**DEFENDANT'S MOTION TO BAR TESTIMONY OF DNA STATISTICS**

The undersigned also certifies, as to the following parties, that in accordance with F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing pleading, along with a notice of motion if required, were served pursuant to the district court's ECF system on Wednesday, September 29, 2010.


By His Attorney,

/s Michael J. Petro
Michael J. Petro #6200721
Attorney for JOHN A. FORD
53 West Jackson Blvd.
Suite 324
Chicago, Illinois 60604
312-913-1111

4